E-FILED
Friday, 02 October, 2026 04:07:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-cv-03141-SEM-DJQ |
| | ) | |
| BRITTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, seeks to allege claims in this Court.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Allegations

Plaintiff's Complaint names nine Defendants. He alleges several sets of facts that are not connected to each other.

One set of allegations relates to restrictions on Plaintiff's phone access following a disciplinary demotion in status. After the disciplinary period ended, Plaintiff experienced continuing restrictions on his ability to make telephone calls, which were caused by prison staff through negligence, deliberate indifference, or a computer error. Then later, when IDOC transitioned telephone service providers, there were additional issues, resulting in Plaintiff having restricted phone access for thirty-nine days.

Another set of allegations relates to Plaintiff's transfer from Graham Correctional Center to Lawrence Correctional Center, and the attendant loss or theft of certain items of his personal property during or related to that transfer.

A third set of allegations relates to issues with Plaintiff's unfulfilled desire to earn sentence credits through engagement in and completion of programming to earn certain certifications.

Analysis - Joinder

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id.* (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Plaintiff's pleadings run counter to the joinder rules. Plaintiff combines issues that are unrelated to one another. His Complaint is dismissed on that basis. If he moves to amend, any proposed amended complaint must comply with the joinder rules described above. If Plaintiff wants to sue different Defendants about things that are not bound by a common core of operative facts, he needs to file separate lawsuits to do so.

<u>Analysis – Merits</u>

Plaintiff's allegations also do not state a claim.

**Grievance responses.** Plaintiff includes allegations that various Defendants failed to comply with administratively established deadlines for responding to his grievances and did not take appropriate action to ensure that his issues were addressed.

These allegations do not state a viable cause of action in this Court because there is no federal right to access the grievance procedure in and of itself, and grievance handlers do not have an independent obligation under federal law to substantively address matters raised in prison grievances simply because their job includes grievance review. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011).

**Phone access.** Any violation of federal law is speculative, as Plaintiff alleges negligence and computer errors alongside nebulous allegations that some individual did not take the correct action to fix his phone access. These allegations are too general to plausibly allege any violation of a federal right regarding telephone access, as there is no stand-alone First Amendment right to access telephones at all. *Arsberry v. Illinois*, 244 F.3d 558, 564–65 (7th Cir. 2001).

Plaintiff also repeatedly invokes violations of the Illinois Public Utilities Act and argues that he was deprived of due process because of violations of that statute. These allegations cannot get traction, because even assuming violations of state law occurred, those occurrences do not equate to deprivations of due process under the Constitution. *Archie v. City of Racine*, 847 F.2d 1211,

1217 (7th Cir. 1988)("A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules.").

**Property.** Under *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), "persons who complain about the unauthorized loss or destruction of their property must seek compensation in state court rather than under § 1983. (*Parratt* dealt with negligent deprivations; *Hudson* extended its holding to intentional deprivations.)" *Lyons v. Dart*, 901 F.3d 828, 830 (7th Cir. 2018). The unauthorized—negligent or intentional—loss, confiscation, or destruction of a prisoner's personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Parratt*, 451 U.S. 527; *Hudson*, 468 U.S. at 533. In Illinois, an inmate has an adequate remedy available to him in the Illinois Court of Claims. *See Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 196 (2019) (distinguishing a Fifth Amendment claim for just compensation from a due process claim for random and unauthorized taking of property by an individual

Defendant); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) (citing 705 ILCS 505/8). Therefore, Plaintiff must bring his claims for destruction of property without due process of law in the Illinois Court of Claims rather than this Court.

**Sentence credit.** Plaintiff's allegations are not the picture of clarity. The claim seems to be that Plaintiff accomplished certain steps toward earning good conduct credits and desired placement in certain programs that, if entered into and completed, would have resulted in Plaintiff earning certain good conduct credits. While inmates have a liberty interest in good conduct credits that they have already earned, the same is not true for credits which have not yet been awarded, and it is this latter category to which Plaintiff's allegations relate. There is no liberty interest in participation in any prison programming, and as such these allegations do not state a claim. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)("…the denial of access to educational programs does not infringe on a protected liberty interest.").

**IT IS THEREFORE ORDERED:**

1. **Pursuant to its review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint 1) is improperly pled under Federal Rules of Civil Procedure**

**8, 18, and 20, as it does not provide a short and plain statement of the claim, and it improperly joins unrelated sets of claims, and 2) does not state a claim for relief.**

2. **Plaintiff is granted 28 days to file a motion for leave to amend with an attached proposed amended complaint. If he does not do so, or if the proposed amended complaint does not correct these issues, this action will be dismissed without prejudice for failure to state a claim. Any amended complaint must comply with the joinder rules. Separate claims belong in separate lawsuits, each requiring its own filing fee.**

3. **Plaintiff has been released from the Illinois Department of Corrections and into the community. He proceeds in forma pauperis. But since his financial condition may be different now that he is no longer in prison, the Court will re-assess it. Clerk is to send a long-form IFP application to Plaintiff with this Order. Plaintiff is to fully complete it and return it within 28 days. If Plaintiff does not do so, this case may be dismissed without prejudice without further notice to Plaintiff.**

4. **Finally, Plaintiff has provided a current address, but has not provided a telephone number, as required by the Local Rules and this Court's Notice [2]. Within 28 days, Plaintiff must provide a telephone number at which he can be reached, or again he risks dismissal of the case without prejudice and without additional notice.**

Entered October 2, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT
JUDGE